PICART, PLAINTIFF AND APPELLANT, *v.* DE LEÓN, DEFENDANT AND RESPONDENT.

APPEAL from the District Court of Humacao in an Action of Ejectment and for Damages.

No. 1280.—Decided June 22, 1915.

JUDICIAL SALE—EXECUTION OF DEED.—In a judicial sale of real property made in accordance with the provisions of the old Code of Civil Procedure the execution of a public deed was an indispensable requisite for the purpose of perfecting the title of the purchaser, but the fact that the deed was not executed does not necessarily imply that the transaction was null and void from the beginning.

PRESCRIPTION—OWNERSHIP—POSSESSION.—According to section 1958 of the Civil Code and article 1957 of the Spanish Civil Code, ownership and other property rights in real property prescribe by possession for ten years as to persons present, and for twenty years with regard to those absent, with good faith and a proper title.

EJECTMENT—EVIDENCE—TITLE BY PURCHASE—JUST TITLE.—When a defendant proves in an action of ejectment that the person who sold him the property acquired the same by purchase, such title is sufficient to transfer the ownership and is therefore a just title within the requirements of section 1853 of the Civil Code and article 1952 of the Spanish Civil Code.

ID.—ACTUAL POSSESSION—PRESCRIPTION.—From 1893, when the person who sold to the defendant acquired the property and took actual possession thereof, until the date when the complaint was filed, there was a lapse of more than the ten years necessary to acquire ownership by prescription as to persons present. *Held:* That the lapse of ten years perfected the original title of purchase. What the first known owner of the property, the plaintiff, or the

judge who ordered the sale, failed to do was done by actual possession as owner for ten years based on a just title and held in good faith, publicly and among persons present, without interruption on the part of any one.

The facts are stated in the opinion.

Mr. *Francisco González* for the appellant.

Mr. *Juan B. Huyke* for the respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court,

This is an appeal from a judgment of the District Court of Humacao dismissing the complaint in an action of ejectment and for damages.

The plaintiff alleged substantially in the complaint that he is the owner of a tract of land of 29 *cuerdas* in the district of Maunabo, Porto Rico, which is duly described and which he acquired in the following manner: 17 *cuerdas* in 1886 by purchase from Encarnación Rivera, as evidenced by a public instrument, and the remainder in 1890 by purchase from Concepción Baerga and Juan Angel de León under a verbal contract. It is alleged also that the defendant is at present and has been for the last six years in unlawful possession of said property and has thereby damaged the plaintiff in an amount which he fixes at $750.

In his answer the defendant denied the allegations of the complaint and alleged as new matter of defense that he is the owner of the property in controversy by purchase from Roque Stella in 1908 and that his title is recorded in the registry of property; that Roque Stella acquired the property in the following manner: 24 *cuerdas* on September 28, 1893, at a public sale and the remainder by a verbal purchase from Félix Picart, having recorded his title in the registry of property in 1894, from which date he had had the quiet, peaceful and uninterrupted possession of the property. The defendant also alleged that any right of action which the plaintiff might have had had prescribed, according to the provisions of sections 1858 and 1859 of the Civil Code.

At the trial the plaintiff introduced the following evidence:

1. A public deed executed March 6, 1886, by virtue of which the plaintiff appears to have acquired from Encarnación Rivera a property of 17 *cuerdas,* which is duly described. Said deed was not recorded in the registry of property.

2. The testimony of the said plaintiff in which he stated that he purchased the remainder of the property three years later from Concepción Baerga and Juan de León, who did not execute any deed therefor; that he had not sold the property or consented to its possession by any one; that he has not been in possession of the property for about nineteen years "because Roque Stella and a court official then in Maunabo went to his house accompanied by civil guards to eject him therefrom because he had been sentenced to imprisonment for two months and one day for no cause and that occurred when he was released from jail."

· 3. The testimony of Rafael Laboy who said that he knew the property of which the defendant was in possession; that Roque Stella was in possession of it before the defendant was and that the plaintiff was in possession of it before Stella.

4. The testimony of Antonio Fantauzzi who said he knew that the plaintiff was in possession of the property in question about seventeen years ago and that Stella succeeded him in the possession and the defendant succeeded Stella.

This, in brief, was all of the plaintiff's evidence.

The defendant's evidence, also in synopsis, was as follows:

1. A public deed executed October 13, 1908, by which the defendant purchased the property described in the complaint from Roque Stella. It is recorded in the Registry of Property of Humacao.

2. A certificate of the registrar of property attesting that Roque Stella proved his possessory title to the property in controversy before the Municipal Court of Maunabo, he having been in possession of it since September 28, 1893, and having acquired it as follows: "24 *cuerdas* and a house by

purchase at a public sale under an execution against Félix Picart and five *cuerdas* by private purchase on the same day from said Picart,'' the possessory title to the said property having been recorded in the registry in the name of Stella, without prejudice to third persons having better rights.

3. The testimony of the defendant who explained his title and said that he was present at the public sale when Stella acquired a part of the property and remembered that one of the other bidders was Miguel Navarro.

4. The testimony of Francisco Rodríguez who stated that about twenty years ago he had seen the plaintiff in possession of the property and that later it was transferred to Stella and finally to the defendant.

5. A certificate issued by the Secretary of the Court of *Instrucción* of Guayama, as follows: "* * * that in the matter of the execution issued in the criminal action against Félix Picart for the crime of assault and battery the record is as follows: Public sale. In Maunabo on the 25th day of November, 1892, before Judge Aurelio Ortiz and his secretary, a public sale was made of the property of Félix Picart which was levied on on the first day of the said month, notice thereof having been posted in the hall of the court and published in the official newspaper since the third day of the said month, the property consisting of an estate of 24 *cuerdas* situated in the Lisas ward of Maunabo, with a thatched roof frame house, bounded on the east by property of Carmen León; on the north by properties of Juan Angel León and Concepción Baerga; on the west by property of the Succession of Ramón García, and on the south by property of Genaro Rodríguez, the property being sold to the highest bidder, Roque Stella, for the sum of $300, Mexican currency. Order of approval. On September 20, 1893, the Judge of *Instrucción* of Guayama, Eduardo Ibañez y Domenech, made an order approving the said sale and directing that a deed of sale be executed in favor of the said Roque Stella. Certificate of possession. On September 28, 1893, the bailiff of the Munic-

ipal Court of Maunabo accompanied by the secretary of the said court and two civil guards gave possession of the said property to Roque Stella.''

The district court considered the allegations and the evidence and reached the following conclusions on which it based the judgment referred to at the beginning of this opinion:

''1. That although the plaintiff owned the property to which the complaint refers, he lost such ownership when he was lawfully dispossessed of the property described by virtue of a public sale thereof to respond for a certain liability under a judgment rendered against him.

''2. That Roque Stella, defendant's predecessor in interest, acquired the property in good faith with just title and his possession was such as to vest the ownership in him after ten years of uninterrupted possession.

''3. That the defendant in this action of ejectment has a recorded title which protects him in the possession of the property claimed and the invalidity of this title has neither been decreed nor prayed for.

''4. That adding the period of possession of the defendant to that of his predecessor in interest, Stella, the ownership of the property which formerly belonged to the plaintiff and which he claims has vested in the said defendant.

''5. That if the plaintiff had any cause of action the same has prescribed, in accordance with section 1858 of the Civil Code of Porto Rico.''

The appellant maintains that the trial court erred as follows:

1. In finding that Roque Stella, the defendant's predecessor in interest, acquired the property in good faith and with just title.

2. In finding that plaintiff's cause of action had prescribed, according to section 1858 of the Civil Code.

As may be seen, there is no question in this case as to the identity of the tract of land claimed in the complaint. Both parties agree that the property now in possession of the defendant is the same which the plaintiff possessed in 1893. The defendant admits that the plaintiff was the owner and

alleges that directly from him his immediate predecessor in interest, Stella, acquired his title; but the appellant maintains, and this constitutes the ground of the first assignment of error, that the public sale by which Stella acquired the property was not perfected because the deed of sale provided for and ordered by law was not executed. The appellant does not question the fact of the sale or of the purchase; nor does he attack the jurisdiction of the court which decreed the sale.

We agree with the appellant that the execution of the deed was an indispensable requisite for the purpose of perfecting the title of the purchaser at that time. To a certain extent the defendant admits this, but contends that in any event he has acquired a good and sufficient title by prescription.

The evidence shows that the sale took place and that Roque Stella was the successful bidder and was placed in possession of the property in 1893, when he began to hold the same as owner. Furthermore, the evidence tends to show that on the same day on which the sale of 24 of the 29 *cuerdas* composing the property was made, Stella purchased five *cuerdas* more directly from the said plaintiff himself. The plaintiff testified at the trial but made no direct reference to this last fact.

There is nothing in the record to show that Stella acted in bad faith. The fact that the deed was not executed does not necessarily imply that the transaction is null and void from the start. If it were, the aggrieved plaintiff should have sued in due time and manner. He did not do so and Stella continued in possesion, proved his possessory title in proceedings prosecuted according to law, recorded his possossory title in the registry and continued in quiet and peaceful possession, without being interrupted therein by the plaintiff or by any other person, until 1908 when he sold the property to the defendant.

Ownership and other property rights in real property, according to section 1858 of the Revised Civil Code, shall prescribe by possession for ten years as to persons present, and for twenty years with regard to those absent, with good faith and with a proper title. Section 1957 of the old Civil Code contains the same provision.

The defendant proved that the person who sold him the property acquired the same by purchase, which is a sufficient title for the transfer of ownership and, therefore, a just title within the requirements of law. Section 1853 of the Revised Civil Code and section 1952 of the old Civil Code.

From 1893 when the person who sold to the defendant acquired the property and took actual possession thereof until the date the complaint was filed, there was a lapse of more than the ten years necessary to acquire ownership by prescription as to persons present. The lapse of ten years perfected the title of purchase. What the original owner of the property, the plaintiff, or the judge who ordered the sale to be made failed to do was done by actual possession as owner for ten years based on a just title and held in good faith, publicly and among persons present, without interruption on the part of any one.

Therefore, the appeal should be dismissed and the judgment appealed from

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.